# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **OPERATING ENGINEERS LOCAL** ) | |
| **NO. 101 PENSION FUND, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 07-2068-KHV** |
| **CHRISTIANSEN-FOUST STEEL, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

On February 15, 2007 various employee benefit plans and their fiduciary and labor organization filed suit against Christiansen-Foust Steel, LLC. Under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, plaintiffs seek unpaid fringe benefit contributions which defendant owes the employee benefit plans. Under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, plaintiffs seek unpaid membership dues which defendant owes the labor organization. On February 23, 2007, defendant received service of process through the Corporation Service Company. See Summons And Return Of Service (Doc. #2) filed February 26, 2007. On April 4, 2007, plaintiffs applied for an entry of default, see Verified Application For Entry Of Default (Doc. #3), which the Clerk of the Court entered the same day, see Entry of Default (Doc. #4). This matter comes before the Court on Plaintiffs' Motion For Court To Order Defendant To Furnish A Surety Bond And An Order Awarding Plaintiffs' Costs And Attorney Fees (Doc. #5) filed April 19, 2007, which the Court construes as a motion for default judgment. For reasons stated below, the Court sustains the motion in part.

Under Rule 55(b), Fed. R. Civ. P., the Court may enter judgment by default upon plaintiffs'

application after entry of default.  The Court may enter default judgment without a hearing unless "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter."  Fed. R. Civ. P. 55(b)(2); see also Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (where claimed damages capable of mathematical calculation, court may enter default judgment without hearing).  The Court may also order injunctive relief through default judgment.  See Meitler Consulting, Inc. v. Dooley, No. 05-2126-DJW, 2006 WL 4041752, at *4 (D. Kan. Nov. 1, 2006) (entering default judgment as to injunctive relief); Hamstein Music Co. v. Bait Shack, Inc., No. 00-4099-RDR, 2001 WL 311186, at *1 (D. Kan. Feb. 12, 2001) (finding request for injunctive relief proper under Rule 55(b)(2)).

Section 502(g)(2) of ERISA provides for an award of costs and attorney's fees and appropriate equitable relief where the Court enters judgment in favor of plaintiff in an action under Section 515.  See 29 U.S.C. § 1132(g)(2)(D)-(E).  Here, the complaint seeks relief which includes costs and attorney's fees and an order requiring defendant to post a surety bond which covers delinquent contributions as required by the collective bargaining agreement between the parties.[1]

---

[1]  Article II of the Guidelines Concerning Security For Payment Of Fringe-Benefit Contributions And Treatment Of Delinquencies (the "Surety Guidelines") provides in pertinent part as follows:

> A Surety Bond in a penal sum not less than that prescribed in this Article shall be furnished to the Trustees by . . . an Employer who has been delinquent in making contribution remittances for at least two consecutive months within the previous twelve (12) months.
>
> The Surety Bond shall guarantee payment of all delinquent contributions, interest, liquidated damages, attorney's fees, and other costs of collection owed by the Employer under the applicable Collective Bargaining Agreement. * * *

(continued...)

Plaintiffs through affidavit establish damages in the amount of $1,361.00 in attorney's fees and costs. Such damages are capable of mathematical calculation and may be awarded through default judgment without a hearing. From the record evidence, however, the Court cannot ascertain the precise nature of plaintiffs' request for injunctive relief, i.e. that defendant be required to post a surety bond in accordance with the collective bargaining agreement. Based on the number of defendant's covered employees, the Surety Guidelines prescribe the minimum amount of the required surety bond. Nothing in the record indicates the number of defendant's covered employees. Without such evidence, the Court cannot set the minimum amount of the surety bond on default judgment.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Court To Order Defendant To Furnish A Surety Bond And An Order Awarding Plaintiffs' Costs And Attorney Fees (Doc. #5) filed April 19, 2007, which the Court construes as a motion for default judgment, be and hereby is

---

[1](...continued)
Surety Bonds required by this Article shall be for not less that the following penal sums:

| | |
|---|---|
| An Employer employing 1 to 5 covered Employees: | $15,000 |
| An Employer employing 6 to 10 covered Employees: | $25,000 |
| An Employer employing 11 to 15 covered Employees: | $50,000 |
| An Employer employing 16 to 20 covered Employees: | $75,000 |
| An Employer employing more than 21 covered Employees: | $15,000 |

See Affidavit Of Thomas L. Wilson attached as Exhibit A to Plaintiffs' Motion For Court To Order Defendant To Furnish A Surety Bond And An Order Awarding Plaintiffs' Costs And Attorney Fees (Doc. #5) at 4-5. The Surety Guidelines are expressly incorporated into the collective bargaining agreement between the parties. See id. at 4.

**SUSTAINED IN PART**.  The Court finds that plaintiffs are entitled to partial default judgment for attorney's fees and costs in the amount of $1,361.00.  The Court delays entry of judgment pending a re-filed motion regarding the requested injunctive relief, which plaintiffs may file on or before **May 29, 2007**.

Dated this 15th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court
