IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **OPERATIVE ENGINEERS LOCAL**<br>**NO. 101 PENSION FUND, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHRISTIANSEN-FOUST STEEL, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)<br>)  No. 07-2068-KHV<br>)<br>)<br>)<br>) |

**OPERATING ENGINEERS LOCAL** ) 
**NO. 101 PENSION FUND, et al.,** ) 
                                ) 
         **Plaintiffs,**        ) 
                                )    CIVIL ACTION 
**v.**                          ) 
                                )    No. 07-2068-KHV 
**CHRISTIANSEN-FOUST STEEL, LLC,** ) 
                                ) 
         **Defendant.**         ) 
_____ )

## DEFAULT JUDGMENT

On February 15, 2007 various employee benefit plans and their fiduciary and labor organization filed suit against Christiansen-Foust Steel, LLC. Under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, plaintiffs seek unpaid fringe benefit contributions which defendant owes the employee benefit plans. Under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, plaintiffs seek unpaid membership dues which defendant owes the labor organization. On February 23, 2007, defendant received service of process through the Corporation Service Company. See Summons And Return Of Service (Doc. #2) filed February 26, 2007. On April 4, 2007, plaintiffs applied for an entry of default, see Verified Application For Entry Of Default (Doc. #3), which the Clerk of the Court entered the same day, see Entry of Default (Doc. #4).

On April 19, 2007, plaintiffs filed a motion for default judgment seeking attorney fees and costs and injunctive relief in the form of a surety bond, see Plaintiffs' Motion For Court To Order Defendant To Furnish A Surety Bond And An Order Awarding Plaintiffs' Costs And Attorney Fees (Doc. #5), which the Court sustained in part on May 15, 2007, see Order (Doc. #6). Specifically, the Court found that plaintiffs were entitled to $1,361.00 in attorney fees under Section 502(g)(2)

of ERISA, but noted that it could not order defendant to post a surety bond because the record did not contain evidence by the which the Court could ascertain the minimum amount of such bond. Id. at 3.  The Court delayed entry of default judgment pending a re-filed motion regarding plaintiffs' requested injunctive relief.  Id. at 4.  This matter comes before the Court on Plaintiffs' Renewed Motion For Court To Order Defendant To Furnish A Surety Bond ("Plaintiffs' Renewed Motion") (Doc. #7) filed May 21, 2007.

Through affidavit, plaintiffs have established that all times relevant to this action, defendant employed between one and five employees under the parties' collective bargaining agreement.  See Affidavit Of Gary Bennett, attached as Exhibit A to Plaintiffs' Renewed Motion (Doc. #7) ¶ 3. Under Article II of the Guidelines Concerning Security For Payment Of Fringe-Benefit Contributions And Treatment Of Delinquencies ("Surety Guidelines"), which the parties expressly incorporated into the collective bargaining agreement, defendant's surety bond is prescribed in an amount not less than $15,000.  See Affidavit Of Thomas L. Wilson, attached as Exhibit B to Plaintiffs' Renewed Motion (Doc. #7) at 4-5.  Because the Court may now set the minimum amount of the surety bond, it finds that for substantially the reasons set forth in its previous order, (Doc. #6), plaintiffs are entitled to default judgment as requested.

**IT IS THEREFORE ORDERED** that **DEFAULT JUDGMENT** be and hereby is entered in favor of plaintiffs and against defendant in the amount of $1,361.00.  Defendant shall furnish a surety bond of not less than $15,000 regarding delinquent fringe benefit contributions in accordance with the collective bargaining agreement between the parties.

Dated this 4th day of June, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Court